**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **COREY DONOVAN,** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 1:24-cv-00392-JL-TSM** |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |

**OBJECTION TO MOTION TO VACATE CONVICTION AND SENTENCE**

Pending before the Court is Corey Donovan's amended motion to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF No. 17. Donovan requests relief on a myriad of claims concerning his trial and appellate counsel's purported constitutionally ineffective assistance. But extraordinary relief requires an extraordinary showing. Because Donovan fails to carry his heavy burden to demonstrate deficient performance that deprived him of a fair trial whose result is reliable, the Court should deny his motion to vacate his conviction and sentence.

## I. Background

In March 2021, while Donovan was on supervised release for a 2007 armed bank robbery, law enforcement received information from a confidential informant that Donovan was in possession of firearms. Objection to Def.'s § 2255 Mot., ECF No. 5, at 1. Law enforcement obtained a search warrant for Donovan's property and, in a subsequent search, seized a shotgun and assorted ammunition from Donovan's Jeep and other locations on his property. *Id.* A federal grand jury indicted Donovan for a violation of 18 U.S.C. § 922(g)(1). *Id.*

Prior to trial, Donovan's counsel, Matthew Stachowske, repeatedly attempted to suppress the fruits of the search. Def.'s Mot. to Suppress & for Franks Hearing, Case 21-cr-88, ECF No. 12; Def.'s Suppl. Mem. in Support of Mot. to Suppress, Case 21-cr-88, ECF No. 26.

Counsel unsuccessfully sought to suppress the evidence under *Franks v. Delaware*, 438 U.S. 154 (1978), based on alleged false statements in the warrant affidavit. He also investigated and raised an additional challenge to the search based on claims that officers executed the warrant prior to the time authorized. Counsel ultimately discontinued litigation on the latter theory, acknowledging that, after further review, he did not have a good-faith basis to argue the search violated the warrant's parameters.

In October 2021, a jury convicted Donovan following a multi-day trial before Judge Barbadoro. Having stipulated to all other elements, the trial centered on whether Donovan constructively possessed the firearm and ammunition. The United States presented multiple witnesses that testified to the location of the items recovered. The witnesses also provided significant circumstantial evidence suggesting Donovan exercised dominion and control over the items and the places where the items were found. Donovan testified in his own defense, denying possession. Following the jury's verdict, Judge Barbadoro sentenced Donovan to 110 months' imprisonment, a term later reduced to 97 months' imprisonment. Donovan appealed, and the First Circuit affirmed. *United States v. Donovan*, 116 F.4th 1 (1st Cir. 2024).

Following his direct appeal, Donovan filed his initial § 2255 motion, raising various claims that are also raised in his present motion. ECF No. 1. After the United States objected, the Court appointed counsel, who filed the now-operative amended § 2255 motion and memorandum in support. ECF Nos. 17 & 18. In his amended motion, Donovan asserts various ineffective assistance of counsel claims. He claims entitlement to relief because trial counsel failed to continue litigation over the search, adequately communicate with him, object to and request a limiting instruction regarding certain evidence, adequately cross-examine witnesses, and adequately handle information concerning a confidential informant. He also faults trial and

appellate counsel for failing to uncover out-of-court conduct by a juror that, in Donovan's view, demonstrates possible bias.

## II. Standard of Review

Extraordinary relief requires an extraordinary showing. To succeed on his motion, Donovan bears the burden to demonstrate that his counsel provided constitutionally ineffective assistance and that he is therefore entitled to relief. *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010). A claim of ineffective assistance requires Donovan to show that (1) his counsel made errors so serious that counsel's performance fellow below an objective standard of reasonableness and (2) Donovan suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–89 (1984). *Strickland* sets a "high bar" for ineffective assistance claims, and surmounting it "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Scrutiny of counsel's performance is "highly deferential," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Donovan bears a heavy burden to show otherwise. *Sleeper v. Spencer*, 510 F.3d 32, 38–40 (1st Cir. 2007). An attorney's performance is deficient "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006). As to prejudice, Donovan cannot rest on the mere conceivability of a different outcome because "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the [proceeding's] result." *Strickland*, 466 U.S. at 693 (citation modified). Instead, Donovan must show that, but for counsel's errors, there was a reasonable probability that the outcome would have been different—a "highly demanding and heavy burden." *Knight*, 447 F.3d at 15.

## III. Discussion

Donovan's amended motion claims entitlement to relief based on several alleged instances of ineffective assistance. None persuade. He fails to carry his burden to demonstrate that counsel acted ineffectively or that any potential ineffective conduct was "so serious as to deprive [him] of a fair trial ... whose result is reliable." *Harrington*, 562 U.S. at 104.

### A. Counsel's decision to discontinue litigation over the search of Donovan's property was based on his good-faith judgment, not deficient performance.

Donovan first claims that he is entitled to relief because his counsel failed to continue litigation over the search of his property. Mem. of Law, ECF No. 18, at 6–7. Specifically, Donovan claims that counsel was constitutionally required to continue pushing an exclusion argument based on claims that officers executed the search before the time authorized. Not so.

The Sixth Amendment does not require defense counsel to litigate all conceivable, non-frivolous motions to suppress evidence. *Johnston v. Mitchell*, 871 F.3d 52, 63 (1st Cir. 2017). "Counsel also is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009). "[W]hen defense counsel is faulted for having failed to file a motion to suppress, the failure may constitute ineffective assistance under *Strickland* only when 'no competent attorney would think a motion to suppress would have failed.'" *Johnston*, 871 F.3d at 53 (quoting *Premo v. Moore*, 562 U.S. 115, 124 (2011)). And even if counsel should have filed a suppression motion, to satisfy *Strickland*'s prejudice prong, Donovan must show that the motion would have been successful and impacted the outcome. *United States v. Mercedes-De La Cruz,* 787 F.3d 61, 67 (1st Cir. 2015); *Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005).

Donovan cannot meet that burden. Far from shirking suppression issues, prior to trial, counsel extensively litigated the search of Donovan's property. Counsel litigated multiple challenges to the search warrant. *See* Def.'s Mot. to Suppress and for Franks Hearing, Case 21-cr-88, ECF No. 12; Def.'s Suppl. Mem. in Support of Mot. to Suppress, Case 21-cr-88, ECF No. 26. Indeed, counsel investigated and initially raised the very suppression argument that Donovan now raises. Oct. 5, 2021 Mot. Hearing, Case 21-cr-88, ECF No. 62, at 4.

Counsel's decision to discontinue litigation over the search was not deficient because it was based on his "reasonable appraisal of [the] claim's dismal prospects for success." *Knowles*, 556 U.S. at 127. As the United States previously explained, "[t]his issue was addressed at length in an October 12, 2021 motion hearing where [defense counsel] explained that he did not have a good faith basis to present the argument because the executing officers did not, in fact, begin the search until 6:00 am." Objection to Def.'s § 2255 Mot., ECF No. 5, at 4.

In the course of litigating Donovan's *Franks* motion, counsel observed video that, in his view, indicated law enforcement officers "were on the scene [of Donovan's property] well before dawn," purportedly "in violation of the search warrant" that authorized a search beginning at 6:00 A.M. Oct. 5, 2021 Mot. Hearing, Case 21-cr-88, ECF No. 62, at 4. But counsel's review of additional discovery changed his assessment. Ex. A, ECF No. 5-1, at 3.[1] As the United States explained at a subsequent hearing, prior to 6:00 A.M., officers met off-site for planning purposes and began off-site surveillance. *Id.* at 4. But officers did not execute the warrant prior to the time authorized. *Id.* at 4, 7. Thus, counsel's decision not to file an additional

[1] Contrary to Donovan's current claims, the October 5 and October 12 hearing transcripts demonstrate that counsel carefully reviewed and evaluated the available evidence concerning the search. *Contra* Mem. of Law, ECF No. 18, at 6. Donovan's conclusory statements to the contrary are insufficient to carry his burden. *See Diaz-Rodriguez v. United States*, 552 F. Supp. 3d 218, 225 (D.P.R. 2021).

suppression motion was based on his “good faith basis” that, after investigating the available evidence, the motion was unlikely to succeed. *Id*. at 7. That’s not deficient performance; it’s effective assistance of counsel. *Johnston*, 871 F.3d at 63.

Nor has Donovan demonstrated that the motion would have been successful. *Mercedes-De La Cruz,* 787 F.3d at 67. As the government then argued, at most, agents entered portions of the property outside the home’s curtilage, Ex. A, ECF No. 5-1, at 7, and any de minimis deviation from the warrant’s time parameter is not a basis for exclusion, *see Rivera Rodriguez v. Beninato*, 469 F.3d 1, 7 (1st Cir. 2006). Even if the entry violated Federal Rule of Criminal Procedure 41(e)(2)(A)(ii), Donovan has not demonstrated that the exclusionary rule would apply. *See United States v. Werdene*, 883 F.3d 204, 213 (3d Cir. 2018) (explaining Rule 41 violations do not require exclusion); *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008) (“The remedy of allowing a defendant to go free based on a violation of Rule 41’s requirements for obtaining a proper search warrant would be wildly out of proportion to the wrong.”). The arguably early “entry was not a but-for cause of obtaining the evidence.” *Hudson v. Michigan*, 547 U.S. 586, 592 (2006) (considering knock-and-announce requirement). “Whether that preliminary misstep had occurred *or not,* the police would have executed the warrant they had obtained, and would have discovered the gun.” *Id.* Thus, even if counsel was deficient in failing to file an additional motion, Donovan has not overcome *Strickland*’s prejudice prong. *Mercedes-De La Cruz,* 787 F.3d at 67; *Howard*, 405 F.3d at 481.

The record demonstrates that counsel extensively investigated and litigated potential Fourth Amendment claims surrounding the search of Donovan’s property, including whether the officers executed the search before the time authorized. His failure to file an additional motion to suppress was based on his “reasonable appraisal of [the] claim’s dismal prospects for

success," not deficient performance. *Knowles*, 556 U.S. at 127. Donovan fails to demonstrate that counsel's decision provides a basis for relief.

**B. Donovan fails to demonstrate that counsel's communications were deficient or prejudiced his defense.**

Donovan also claims trial counsel provided ineffective assistance by failing to adequately communicate with him. Mem. of Law, ECF No. 18, at 10–11. But his allegations provide few details. And the rules require Donovan to "state the facts supporting each ground." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b). So Donovan's general claims that counsel failed to communicate adequately on trial strategy "are the types of conclusory, unsupported statements that the Court may reject out of hand." *United States v. Castro-Caicedo*, No. CR 09-10216-MLW, 2019 WL 4278952, at *11 (D. Mass. Sept. 10, 2019); *accord David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998). And Donovan's two specific examples of purportedly ineffective communication fare no better.

To start, Donovan claims that his counsel failed to consult him regarding a June 2021 request to continue his trial. Mem. of Law, ECF No. 18, at 10–11. But contemporaneous evidence demonstrates that "Donovan was contacted and assents to the continuance sought." June 9, 2021 Mot. to Continue, Case 21-cr-88, ECF No. 10, at 1. Indeed, when the continuance came up at a later hearing, counsel explained that Donovan "assented" to the continuance "and now disagrees with me" that the continuance was the appropriate approach. Oct. 5, 2021 Mot. Hearing, Case 21-cr-88, ECF No. 62, at 27.

What's more, "a defendant's lawyer may seek a continuance and the concomitant exclusion of time for [Speedy Trial Act] purposes without first securing the defendant's personal consent." *United States v. Gates*, 709 F.3d 58, 65 (1st Cir. 2013). As Judge Barbadoro recognized

when he denied Donovan's post-verdict motion to dismiss on speedy trial grounds, even without Donovan's consent, the extension was necessary for counsel to review the significant discovery at issue and prepare an adequate defense. Text Order Denying Mot. to Dismiss, Case 21-cr-88, Dec. 28, 2021.[2]

In any event, Donovan cannot demonstrate that the continuance "prejudiced his defense to the point that there is a reasonable probability that the deficiency was outcome determinative." *United States v. Michaud*, 925 F.2d 37, 41 (1st Cir. 1991). Quite the opposite. Donovan faults counsel for failing to sufficiently investigate and prepare his defense. But counsel sought the continuance for that very purpose: "Undersigned counsel needs additional time to review discovery and prepare Mr. Donovan's defense." June 9, 2021 Mot. to Continue, Case 21-cr-88, ECF No. 10, at 1. So Donovan cannot show that the continuance was an error "so serious as to deprive [him] of a fair trial." *Harrington*, 562 U.S. at 104.

Nor does trial counsel's claimed failure to timely provide Donovan with discovery provide a basis for relief. *Contra* Mem. of Law, ECF No. 18, at 11. *First*, Donovan fails to explain why the timing of counsel's disclosure constitutes "gross incompetence" on counsel's part. *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Under this Court's local rules, the United States' Rule 16(a)(1) disclosures are due within fourteen days of the defendant's arraignment, and its *Brady* and *Giglio* disclosures are due twenty-one days before trial. Local Rule 16.1(b)(1), (d). Donovan complains that he did not receive the United States' initial

[2] Because Donovan litigated speedy trial claims in his underlying criminal proceeding, he may not now raise those claims as a basis for relief. *See Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (relitigation bar); *Murray v. Carrier*, 477 U.S. 478, 490–92 (1986) (concluding claim not raised on direct appeal is procedurally defaulted). Nor may Donovan "repackage" a speedy trial claim litigated in his underlying proceeding "as an ineffective-assistance-of-counsel claim in a § 2255 motion." *Enamorado v. United States*, No. CR 15-10338-FDS, 2024 WL 1641887, at *3 (D. Mass. Apr. 16, 2024).

disclosures until July 5, 2021. Mem. of Law, ECF No. 18, at 11. But his arraignment occurred just over one month earlier, on May 24, 2021. And his trial did not begin until October 13, 2021—more than three months after receipt. Given the timeline of events, Donovan fails to show that his receipt of discovery materials shortly after his arraignment, and months before trial, indicates that his counsel engaged in conduct that "was so patently unreasonable that no competent attorney would have [engaged in] it." *Knight*, 447 F.3d at 15.

*Second*, Donovan fails to demonstrate how the timing of the disclosure creates "a reasonable probability that," but for his receipt of discovery materials on July 5, 2021, "the result of" Donovan's October 2021 trial "would have been different." *Harrington*, 562 U.S. at 104. Donovan's July 5, 2021 receipt of disclosures provided him with more than three months to review discovery before trial. And his "conclusory claims" that, but for better communication, the outcome would have been different "cannot satisfy the prejudice prong of the ineffective assistance test." *Suarez-Galarza v. United States*, No. CIV. 11-2037 JAF, 2012 WL 1424394, at *2 (D.P.R. Apr. 24, 2012); *accord Petty v. McCotter*, 779 F.2d 299, 302 (5th Cir. 1986) ("*Strickland* requires that prejudice be proved, not pleaded.").

**C. Counsel's decision not to request limiting instructions was a tactical choice, not ineffective assistance.**

Donovan also takes issue with counsel's failure to object to and request a limiting instruction regarding certain evidence under Federal Rule of Evidence 404(b). Mem. of Law, ECF No. 18, at 12–13. He claims counsel's actions "invit[ed] the jury to convict based on propensity, character, and unrelated misconduct rather than the charged offense." *Id.* at 13. Donovan's motion does not identify the relevant Rule 404(B) evidence that he now takes issue with, so the Court should deny this aspect of his motion on that basis alone. *See* Rules Governing

Section 2255 Proceedings for the United States District Courts, Rule 2(b) (movant must "state the facts supporting each ground").

Further examination of the record does not help Donovan either. In prior filings, Donovan raised concern regarding admission of evidence concerning a gun scope previously seized by police and subsequently found on Donvan's property, along with photos of knives and bows seized from his property. *See Donovan*, 116 F.4th at 9. But as the United States previously explained, introduction of that evidence provides no basis for relief. Objection to Def.'s § 2255 Mot., ECF No. 5, at 8. As part of his decision to testify on topics of his own choice, Donovan himself asked to introduce photos of weapons seized from his property. *See* Oct. 15, 2021 Trial Tr., Case 21-cr-88, ECF No. 68, at 66–72. And he commented freely on the gun scope and its previous seizure by law enforcement. *See* Objection to Def.'s § 2255 Mot., ECF No. 5, at 6 (collecting testimony). Donovan had the constitutional right to testify in his own defense. But having exercised that right, he cannot now complain of the effect of the testimony he offered. *Cf. United States v. Tucker*, 61 F.4th 194, 203 (1st Cir. 2023) (explaining parties "may not ... benefit from an invited error").

Nor does defense counsel's failure to request a limiting instruction provide a basis for relief. As Judge Barbadoro then explained, "whether to request a limiting instruction" was "a tactical choice" for defense counsel. *Donovan*, 116 F.4th at 9. That type of tactical choice is entitled to significant deference. *See Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006). And Donovan fails to rebut the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (citation modified). Requesting a limiting instruction would have risked drawing the jury's attention to portions of trial testimony that defense counsel sought to downplay. Counsel's decision not to

ultimately request a limiting instruction presenting that risk was not deficient performance. *E.g.*, *Almonte-Baez v. United States*, 507 F. Supp. 3d 345, 352 (D. Mass. 2020).

Finally, Donovan fails to "demonstrate a reasonable probability that," but for the failure to request a limiting instruction, "the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104. Far from drawing attention to impermissible uses, the United States argued at trial that this evidence merely tended to show the defendant's possession of the gun, a permissible purpose under Rule 404(b)(2). Objection to Def.'s § 2255 Mot., ECF No. 5, at 6.

**D. Counsel's cross-examination of certain witnesses does not provide a basis for relief.**

Donovan also claims he is entitled to relief because counsel purportedly failed to adequately cross-examine several of the United States' witnesses. But "[d]ecisions on how to structure a defense, including whether to cross-examine a witness on specific topics, are generally strategic in nature and thus entitled to a presumption of reasonableness." *United States v. Weed*, 775 F. Supp. 3d 520, 534 (D. Mass. 2025). And "[c]ounsel need not attack the credibility of an adverse witness on every possible front to render effective assistance." *Id.* (citing *Stephens v. Hall*, 294 F.3d 210, 225–26 (1st Cir. 2002)). Here, counsel subjected each witness to probing cross-examination on key issues. And Donovan fails to show that counsel's strategic decisions were unreasonable or prejudicial.

To start, Donovan takes issue with counsel's cross-examination of Officer John Hubbard, claiming he was "susceptible to impeachment through contradictory evidence." Mem. of Law, ECF No. 18, at 9. But Donovan does not explain what that evidence is or how it would materially impact his case, so the Court should deny this aspect of his motion on that basis alone. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b). In any event, counsel subjected Hubbard to reasonably calculated cross-examination. The United

States offered Hubbard's testimony because in June 2020 he returned a gun scope and gun cleaning kit to Donovan's property, both of which were seized in the March 2021 search and suggested Donovan's dominion and control over the surrounding areas. Objection to Def.'s § 2255 Mot., ECF No. 5, at 6 (collecting testimony). And counsel subjected Hubbard to skillful cross-examination on that key point, "eliciting concessions" from Hubbard regarding the wide availability of the gun cleaning kits and thereby "draw[ing] attention to weaknesses in [Hubbard's] conclusions" regarding the items seized in March 2021, *Harrington*, 562 U.S. at 111. *See* Oct. 13, 2021 Trial Tr., Case 21-cr-88, ECF No. 67, at 90–91. Plus, Donovan later conceded that the gun scope and gun cleaning kit recovered in 2021 were the same items seized in 2019. Objection to Def.'s § 2255 Mot., ECF No. 5, at 6. So Donovan cannot demonstrate prejudice from his counsel's failure to discredit a witness who testified to facts that Donovan himself admitted were true.

Donovan's challenge to counsel's cross-examination of Agent Cook fails for many of the same reasons. Donovan now complains that counsel failed to adequately question Cook on his testimony related to the location of the shotgun shells in Donovan's Jeep. Mem. of Law, ECF No. 18, at 8–9. But counsel did subject Agent Cook to extensive cross-examination on the location of the shotgun shells, including the photographic evidence, oral testimony provided by others, and Cook's vantage point to view the ammunition. *E.g.*, Oct. 13, 2021 Trial Tr., Case 21-cr-88, ECF No. 67, at 13–18. And given the extensive evidence regarding Donovan's ownership and control of the Jeep, Donovan fails to explain how further cross-examination would have impacted the trial's outcome. *Cf. United States v. Sylvestre*, 78 F.4th 28, 36 (1st Cir. 2023) (noting "evidence was sufficient to establish constructive possession of a gun found in car that defendant had regular access to").

The same result follows for Donovan's challenge to counsel's cross-examination of Agent Forte. Donovan himself admits that counsel extracted significant concessions from Agent Forte on key issues concerning the United States' constructive possession theory. Mem. of Law, ECF No. 18, at 8. That is effective assistance of counsel. *Harrington*, 562 U.S. at 111. And while Donovan now asserts counsel failed to shed sufficient light on the testimony elicited on cross-examination, counsel's closing highlighted for the jury the very same purported weakness in the United States' constructive possession theory. Oct. 15, 2021 Trial Tr., Case 21-cr-88, ECF No. 68, at 99–104. At bottom, Donovan fails to demonstrate that counsel's strategic cross-examination decisions were unreasonable or prejudicial.

**E. Counsel's handling of information concerning Caitlin Fillion does not provide a basis for relief.**

Donovan next takes issue with counsel's handling of information concerning Caitlin Fillion, an informant that provided law enforcement with information used in the warrant affidavit for the search. Mem. of Law, ECF No. 18, at 13–14. Those claims fail, too.

To start, Donovan does not show that counsel failed to adequately investigate Fillion or that a more complete investigation would have changed the outcome of his *Franks* motion. Quite the opposite. Counsel's *Franks* motion highlighted Fillion's "extensive criminal record for dishonesty," incentives to lie, and alleged misstatements—the topics were motion's focus. Def.'s Mot. to Suppress & for Franks Hearing, Case 21-cr-88, ECF No. 12, at 4–8.[3] But as Judge Barbadoro explained, whether Fillion told Forte the truth had no impact on the *Franks* motion.

[3] Counsel also engaged in extensive first-hand investigation of Fillion, traveling "to the North Country" at Donovan's request to interview Fillion's boyfriend, Bobby Ramahlo, and attending testimony Fillion gave in an unrelated case. Mar. 27, 2023 Evidentiary Hearing, Case 21-cr-88, ECF No. 113, at 17, 43. Based on his investigation, counsel determined he "had sufficient evidence, sufficient reason, to move on from the *Franks* argument and to prepare for the defense of the case." *Id.* at 43; *see also id.* at 47 (explaining the "odds" at any success in pursuing the *Franks* matter further "were not good").

Objection to Def.'s § 2255 Mot., ECF No. 5, at 7 (collecting statements). So Donovan can't show counsel's performance was deficient or that his handling of the *Franks* issue impacted the motion's outcome.

Nor can Donovan show that it was unreasonable for counsel not to focus on Fillion's involvement at trial or that further discussion of Fillion would likely change the outcome. The United States did not rely on the information relayed by Fillion in any significant way. Fillion was not a witness at trial, and the United States' constructive possession evidence centered on each witness's own knowledge and observations, not Fillion's allegations. Indeed, questioning witnesses further about Fillion's involvement would have opened the door to additional inculpatory evidence or unflattering details regarding Donovan. Counsel was not "gross[ly] incompeten[t]" by instead *directly* attacking the credibility of law enforcement witnesses based on *their* own testimony regarding Donovan's property. *Kimmelman*, 477 U.S. at 382. That trial strategy is entitled to significant deference, and Donovan fails to show that counsel's strategy fell outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

**F. Claims of out-of-court juror misconduct do not provide a basis for relief.**

Finally, Donovan attacks trial and appellate counsel's failure to uncover out-of-court juror conduct that, in Donovan's view, demonstrates possible bias. Mem. of Law, ECF No. 18, at 15–16. But he fails to carry his burden on this claim, too. There is no evidence that the juror failed to truthfully answer any voir dire questions that would have revealed the misconduct Donovan now highlights. *Dall v. Coffin*, 970 F.2d 964, 969–70 (1st Cir. 1992). And beyond speculation, Donovan puts forward no evidence suggesting trial counsel should have discovered the juror's alleged misconduct, or that the juror's out-of-court conduct impacted the jury's verdict in his case. Nor can Donovan demonstrate that his appellate counsel acted ineffectively

by failing to raise a juror bias claim on appeal. "[T]he choice of what specific arguments to make within [an] appeal belongs to appellate counsel," *Garza v. Idaho*, 586 U.S. 232, 240 (2019), and those judgments receive significant deference in light of the need to narrow the issues, *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that ... counsel will recognize and raise every conceivable constitutional claim."). In light of the scant public record that Donvan now assembles in hindsight, Donovan cannot show that it was unreasonable for appellate counsel to fail to uncover the juror's alleged misconduct or that the argument would have been likely to prevail on appeal.

## IV. Conclusion

Because Donovan fails to carry his heavy burden to demonstrate deficient performance that deprived him of a fair trial whose result is reliable, the Court should deny his motion to vacate his conviction and sentence without holding an evidentiary hearing.

Respectfully submitted,

ERIN CREEGAN
United States Attorney

Dated: September 19, 2026

By: /s/ Tyler W. Shannon
Tyler W. Shannon
Assistant United States Attorney
53 Pleasant St 4th Floor
Concord, New Hampshire 03301
D.C. Bar No. 90006236
(603) 230-2526
tyler.shannon@usdoj.gov